IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATRICIA SEIBER | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-07-CV-0047-BD |
| | § | |
| THE EXPO GROUP, L.P., ET AL. | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Defendants have filed a motion for summary judgment in this retaliatory discharge case brought under the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601, *et seq.*[1] As grounds for their motion, defendants contend that there is no evidence plaintiff suffered from a "serious health condition," that she invoked her rights under the FMLA, or that she was retaliated against for engaging in FMLA-protected activity. The issues have been fully briefed by the parties and the motion is ripe for determination.

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The substantive law determines which facts are material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509-10, 91 L.Ed.2d 202 (1986). Where, as here, the summary judgment movant does not have the

---

[1] Plaintiff's complaint also includes claims under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1140, *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* However, in her summary judgment response, plaintiff abandoned her ERISA and ADA claims. (*See* Plf. MSJ Resp. Br. at 1). To the extent plaintiff intends to expand her FMLA claim to cover employment actions not related to her termination on April 3, 2006, those new claims, which are raised for the first time on summary judgment, are not properly before the court. *See Cutrera v. Bd. of Supervisors of Louisiana State University*, 429 F.3d 108, 113 (5th Cir. 2005); *Poat v. Scroggins*, No. 3-05-CV-2516-BD, 2007 WL 1345683 at *1 (N.D. Tex. May 4, 2007) (Kaplan, J.).

burden of proof at trial, the movant must point to the absence of a genuine fact issue. *See Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). The burden then shifts to the non-movant to show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 113 S.Ct. 82 (1992). All evidence must be viewed in the light most favorable to the party opposing the motion. *See Rosado v. Deters*, 5 F.3d 119, 122 (5th Cir. 1993).

Plaintiff Patricia Seiber was employed by The Expo Group ("TEG") as a staff accountant in the finance department from November 11, 2002 until April 3, 2006. (*See* Plf. MSJ Resp. App. at 27; Def. MSJ App. at 5, ¶ 28). In January 2006, plaintiff was diagnosed with an intra-abdominal cyst that required surgery. (Plf. MSJ Resp. App. at 40). Plaintiff scheduled the surgery for March 16, 2006, and informed her supervisor, Michael Bates, that she would be out of the office until March 22, 2006. (*Id.* at 40-41; Def. MSJ App. at 5, ¶ 32). The parties dispute whether plaintiff advised Bates of the specific reason for her absence from work. (*Compare* Plf. MSJ Resp. App. at 41 *with* Def. MSJ App. at 5, ¶ 32). Shortly before her scheduled return, plaintiff told Bates that she had an appointment with her doctor on Wednesday afternoon, March 22. (Plf. MSJ Resp. App. at 42; Def. MSJ App. at 5, ¶ 34). Bates instructed plaintiff to call him after the appointment with an update. (Plf. MSJ Resp. App. at 42; Def. MSJ App. at 5, ¶ 35). Early the next morning, March 23, 2006, plaintiff left Bates a detailed message telling him that her doctor would not release her to work until the following Monday, March 27, 2006. (Plf. MSJ Resp. App. at 42; Def. MSJ App. at 6, ¶ 36). On April 3, 2006, one week after plaintiff returned to work, she was terminated for "ongoing performance issues." (Def. MSJ App. at 6, ¶ 40 & 21).

The FMLA allows qualified employees up to 12 work weeks of leave during any 12-month period "[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). The statute contains two distinct types of provisions--prescriptive and proscriptive. *See Hurt v. Ecolab, Inc.*, No. 3-05-CV-1508-BD, 2006 WL 1409520 at *3 (N.D. Tex. May 23, 2006) (Kaplan, J.) (citing cases). To protect the prescriptive rights of eligible employees, the FMLA makes it unlawful for an employer to "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under [the Act]." 29 U.S.C. § 2615(a)(1). In addition to its prescriptive obligations, an employer may not "discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by [the Act]." 29 U.S.C. § 2615(a)(2). This proscriptive aspect of the statute prohibits employers from "us[ing] the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions." 29 C.F.R. § 825.220(c); *see also Bocalbos v. National Western Life Ins. Co.*, 162 F.3d 379, 383 (5th Cir. 1998), *cert. denied*, 120 S.Ct. 175 (1999); *Hurt*, 2006 WL 1409520 at *3.

Defendants first contend that there is no evidence plaintiff suffered from a "serious health condition" or that she invoked her rights under the FMLA. In an unsworn declaration,[2] plaintiff states that her abdominal surgery involved an overnight hospital stay and several days of post-

---

[2] An unsworn declaration is not admissible in evidence unless the declarant affirmatively states "under penalty of perjury" that the contents of the declaration are true and correct. *See* 28 U.S.C. § 1746. Defendants object that plaintiff's declaration does not comply with section 1746 because it contains the following statement: "I declare under penalties of perjury that the forgoing is true and correct and within my personal knowledge *except as where otherwise noted.*" (Plf. MSJ Resp. App. at 44) (emphasis added). The court does not construe the qualification, "except as where otherwise noted," to modify plaintiff's statement that her declaration is made "under penalty of perjury." Instead, that limitation applies only to the source of information set forth in the declaration. Defendants also object that certain parts of plaintiff's declaration constitute hearsay, lack a proper foundation, and are not based on personal knowledge. Because the court has not relied on any of the discrete statements challenged by defendants, those objections are overruled as moot. *See Consortium Information Services, Inc. v. National Information Services, Inc.*, No. 3-99-CV-2509-BD, 2001 WL 1516758 at *3 n.5 (N.D. Tex. Nov. 27, 2001) (Kaplan, J.) (overruling as moot objections to affidavits where none of the evidence was necessary to the disposition of pending motion).

operative recovery at home. (*See* Plf. MSJ Resp. App. at 41-42). This evidence, at the very least, creates a fact issue as to whether plaintiff had a "serious health condition" covered by the FMLA. *See* 29 C.F.R. § 825.114(a)(1) ("serious health condition" entitling employee to FMLA leave means an illness, injury, impairment, or physical condition that involves an overnight stay in a hospital); *Caldera v. County of El Paso*, 520 F.Supp.2d 846, 855 (W.D. Tex. 2007) (injuries sustained by employee in automobile accident, which required overnight stay in a hospital and one-day recovering at home, constituted "serious health condition" within the meaning of FMLA). Plaintiff also states that she informed Bates and the TEG Human Resources Department in early March 2006 that she needed time off for surgery. (*See* Plf. MSJ Resp. App. at 41). Although defendant suggests that this notice was inadequate, the summary judgment evidence raises a fact issue as to whether plaintiff reasonably apprised her employer of the need to take time off for a serious health condition. *See Greenwell v. State Farm Mutual Auto. Ins. Co.*, 486 F.3d 840, 842 (5th Cir. 2007), *quoting* 29 C.F.R. § 825.303(b) ("Employees need not 'expressly assert rights under the FMLA or even mention the FMLA but may only state that leave is needed.'"); *Manuel v. Westlake Polymers Corp.*, 66 F.3d 758, 764 (5th Cir. 1995) (declining to establish categorical rules governing notice under FMLA); *Hayduk v. City of Johnstown*, No. 3:2005-294, 2008 WL 2669477 at *29 (W.D. Pa. Jun. 30, 2008) (employee provided legally sufficient notice under FMLA by alerting his employer to the possibility of surgery).

Defendants further argue that there is no evidence plaintiff was retaliated against for engaging in FMLA-protected activity. In order to prove her claim, plaintiff may rely on direct evidence, circumstantial evidence, or both. *See Hurt*, 2006 WL 1409520 at *5. "Direct evidence is evidence that, if believed, proves the fact of discriminatory animus without inference or presumption." *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 897 (5th Cir. 2002), *cert. denied*, 123 S.Ct. 2572

(2003). To prove retaliation by circumstantial evidence, plaintiff must show that: (1) she was protected by the FMLA; (2) she suffered an adverse employment action; and (3) there is causal link between the protected activity and the adverse action taken by her employer. *See Richardson v. Monitronics International, Inc.*, 434 F.3d 327, 332 (5th Cir. 2005). If plaintiff is able to establish a prima facie case of retaliation, the burden shifts to defendants to articulate a legitimate, non-discriminatory reason for their employment decision. *Id.* If defendants meet their production burden, the prima facie case disappears and plaintiff must offer sufficient evidence to create a genuine issue of material fact that the reasons given by defendants for the adverse employment action were pretextual. *See Mota v. Univ. of Texas Houston Health Science Center*, 261 F.3d 512, 519 (5th Cir. 2001).

The court already has determined that a fact question exists as to whether plaintiff, who allegedly suffered from a "serious health condition," was protected under the FMLA. There is no question that plaintiff's termination was an adverse employment action. That plaintiff was discharged one week after returning to work from medical leave raises a fact issue as to whether there is a causal link between her termination and engaging in FMLA-protected activity. *See, e.g. Evans v. City of Houston*, 246 F.3d 344, 351 (5th Cir. 2001) (lapse of up to four months between protected activity and termination may establish requisite casual connection); *Juarez-Keith v. U.S. Foodservice, Inc.*, No. 3-02-CV-0090-L, 2005 WL 548074 at *7 (N.D. Tex. Mar. 8, 2005), *aff'd*, 192 Fed.Appx. 249 (5th Cir. 2006) (same as to seven-month lapse). Although defendants maintain that plaintiff was fired for "ongoing performance issues," (*see* Def. MSJ App. at 6, ¶ 40), there is at least some evidence to cast doubt on that explanation. In a memo detailing the reasons for his employment decision, Bates states:

> Patricia Seiber has remained on probation and reviewed on 30-day cycles. She was scheduled to be out of the office for a medical procedure returning on Wednesday March 22. I received a phone call from her on the afternoon of Tuesday March 21 during which she indicated her Doctor wanted to see her before releasing her back to work. Her appointment was scheduled for 2:00 pm on Wednesday March 22. She committed to call me after the doctor visit and update on her return status. She did not call on Wednesday March 22. The only information I received was from a CAM on Thursday morning March 23 who advised me Pat would not return until Monday March 27. There was no contact with me from Pat until her return to the office. We had planned as a department on critical coverage in her absence through March 22 and had no idea of other outstanding items.
>
> The above lack of communication and follow-up is not acceptable. We had extended the probation period to allow Patricia additional time to establish timely and disciplined procedures in her area. Based on the above incident and the ongoing tenuous probation we are terminating Patricia's employment with The Expo Group effective immediately.

(Def. App. at 21). Viewed in the light most favorable to plaintiff, this memo suggests that plaintiff was terminated because she notified her supervisor that she would be taking FMLA leave through March 27, 2006, not because of "ongoing performance issues." Thus, summary judgment is not proper.

## CONCLUSION

The court determines that there are genuine issues of material fact as to whether plaintiff suffered from a "serious health condition," whether she invoked her rights under the FMLA, and whether she was terminated from her employment in retaliation for engaging in FMLA-protected activity. Accordingly, defendants' motion for summary judgment [Doc. # 23] is denied.

SO ORDERED.

DATED: July 22, 2008.

/s/ Jeff Kaplan
JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE